Eubank v. State 









 





IN THE
TENTH COURT OF APPEALS
 

No. 10-91-114-CR

        ROYAL CULLEN EUBANK,
                                                                                       Appellant
        v.

        THE STATE OF TEXAS,
                                                                                       Appellee
 

 From the County Court
Ellis County, Texas
Trial Court # 43,778
                                                                                                                
                                                                     
O P I N I O N
                                                                                                     

          A jury found Royal Cullen Eubank guilty of driving while intoxicated (DWI) and assessed
his punishment at eighteen months in jail, probated, and a $500 fine. See Tex. Rev. Civ. Stat.
Ann. art. 6701l-1(b) (Vernon Supp. 1992). He complains that the court erred when it admitted
evidence of the sales price of his Lexus and a prior "conviction." We affirm.
          During cross-examination of Eubank, the prosecutor asked him the approximate price of
his Lexus. Eubank objected that the cost of his car was immaterial. Point one is that the court
erred when it overruled the objection. Specifically, Eubank contends that the evidence was
irrelevant or, if relevant, that its minimal probative value was substantially outweighed by its
prejudicial effect. The State, however, argues that the evidence was material.
          Relevant evidence "tends to make the existence of any fact that is of consequence to the
determination of the action more probable or less probable than it would be without the evidence
and help[s] a reasonable person determine the truth or falsity of any fact that is of consequence to
the lawsuit." Tex. R. Crim. Evid. 401; see also, Montgomery v. State, 810 S.W.2d 372, 376
(Tex. Crim. App. 1990). Eubank was charged with DWI. The evidence of the price of the car
neither made the existence of any material fact more or less probable nor was it helpful to
determine the truth or falsity of a material fact. See id. Accordingly, the court erred when, over
Eubank's objection, it admitted the sales price into evidence. Having determined that the court
erred, we must now ascertain whether the error was harmless—i.e., whether the error beyond a
reasonable doubt made no contribution to Eubank's conviction or punishment. See Tex. R. App.
P. 81(b)(2).
          Dale Revercomb, who owned the car that Eubank hit, testified that Eubank was "woozy"
and had "bloodshot" eyes. Revercomb had to "grab" Eubank, who was standing in the lane of
traffic, to help him off the Interstate.
          Officer Wilkenson, who investigated the accident, claimed that Eubank was "staggering"
around. He smelled a faint odor of alcohol while initially speaking with Eubank, but that smell
became much stronger when they sat in the patrol car with the windows up. Based on his
experience, he believed Eubank was intoxicated. 
          Officer Stamper, a highway patrolman, testified that Eubank's speech was "slurred," and
that he was "staggering" and nearly fell one time. At first, Eubank was unable to perform a
"horizontal gaze nystagmus test" because he could not stand still. When the test was performed,
however, it indicated a high level of intoxication. Stamper also administered an intoxilizer test
and got a reading of .20, double the legal .10 limit. See id. at art. 6701l-1(a)2(b). 
          The State was not attempting to taint the trial process in offering the price of the Lexus into
evidence. See Harris v. State, 790 S.W.2d. 568, 588 (Tex. Crim. App. 1989). Furthermore,
it made only passing reference to the car's price. See id. Thus, the probable impact of this error
was minimal. See id. After isolating the error and assessing its impact against the evidence as
a whole, we find that the error did not contribute to Eubank's conviction or punishment beyond
a reasonable doubt. See id. We overrule point one.
          At the penalty stage of the trial, the State offered an order showing that Eubank had
received misdemeanor probation for "driving under the influence" approximately twenty-two years
ago. Eubank's second point is that the court erred when it admitted this prior "conviction" into
evidence. 
          Article 37.07 of the Code of Criminal Procedure provides that during the punishment phase
evidence "as to any matter the court deems relevant in sentencing, including the prior criminal
record of the defendant" may be offered by the state. Tex. Code Crim. Proc. Ann. art. 37.07,
§ 3 (Vernon Supp. 1992). Prior criminal record includes "a probated or suspended sentence that
has occurred prior to trial." Id. 
           At the time Eubank previously received probation, misdemeanor probation did not
constitute a conviction or final conviction unless the probation was revoked. See Act of June 18,
1965, 59th Leg., R.S., ch. 722, 1965 Tex. Gen. Laws 317, 499, amended by Act of June 17,
1967, 60th Leg., R.S., ch. 659, 1967 Tex. Gen. Laws 1746, repealed by Act of June 13, 1979,
66th Leg., R.S., ch. 654, 1979 Tex. Gen. Laws 1514. After a probationer successfully completed
his probationary term, the court dismissed his case and the probation could not be considered for
any purpose except to determine an entitlement to future probation. Id. 
          The law governing misdemeanor probation in 1968 is analogous to deferred-adjudication. 
When placed on deferred adjudication, a defendant acknowledges his guilt, but that guilt is not
adjudicated as long as he serves out a satisfactory period of probation, at which time the case is
dismissed rather than adjudicated. Id. at art. 42.12, § 5 (Vernon Supp. 1992). A "dismissal and
discharge may not be deemed a conviction for the purposes of disqualifications or disabilities
imposed by law of an offense, except that upon conviction of a subsequent offense, the fact that
the defendant had previously received probation shall be admissible before the court or jury to be
considered on the issue of penalty." Id. § 3d(c) (emphasis added). Thus, an order of deferred
adjudication is admissible at a subsequent trial even if the defendant has successfully completed
probation. Brown v State, 716 S.W.2d 939, 949 (Tex. Crim. App. 1986). 
          Eubank previously successfully completed a misdemeanor probation for DWI. We hold
that at the punishment phase the court properly allowed testimony concerning the prior probation
because it was part of Eubank's criminal record. See Tex. Code Crim. Proc. Ann. art. 37.07,
§ 3. We overrule point two and affirm the judgment. 
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed April 8, 1992
Do not publish